1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN ALFRED PANZER,

          Plaintiff,

    v.

SC HILLSIDE BERKELEY INC., et al.,

          Defendants.

Case No.  16-cv-06055-SK

**ORDER DISMISSING ACTION**

Regarding Docket Nos. 1, 2

On October 19, 2016, Plaintiff John Alfred Panzer filed an application to proceed *in forma pauperis* ("IFP") and a Complaint.  The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  The Court finds that Plaintiff has demonstrated that he is unable to pay the filing fee and, thus, GRANTS his application for IFP.  However, the *in forma pauperis* statute provides that the Court shall dismiss the case if, *inter alia*, the Complaint is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case.  *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff alleges that his landlord filed an unlawful detainer action against him in state court to evict him.  It is unclear whether that state-court proceeding is still ongoing or is final.  To the extent it is still ongoing, and Plaintiff is seeking to interfere with the state-court proceedings, the Court finds that it should abstain from adjudicating this matter pursuant to the *Younger* doctrine.  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a

United States District Court
Northern District of California

strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (internal quotations omitted). "Abstention is required when: '(i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions.'" *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) (internal citations and quotations omitted). To the extent Plaintiff alleges that the proceedings are still ongoing, the Court finds that all three prongs of the *Younger* test are satisfied here.

To the extent the proceedings in state court have been completed, and Plaintiff is seeking to challenge a state-court judgment, Plaintiff's claims would be barred by the *Rooker-Feldman* doctrine. *See*, *e.g.*, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 487-87 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The *Rooker-Feldman* doctrine "bars federal courts from 'exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'" *Wolfe v. Strankman*, 392 F.3d 358, 363 (9th Cir. 2004) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in a federal district court.

*Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Instead, the proper court to obtain review of a final state court decision is the United States Supreme Court. *See* 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476.

"The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n. 16). Where "the district court must hold that the state court was

2

wrong in order to find in favor of the plaintiff, the issues presented are inextricably intertwined." *Id.* (citations omitted).  In such a case, the district court must not exercise jurisdiction to review the ruling of a state court.  In order to provide Plaintiff with the relief he seeks – to order his landlord to allow him back into his home – the Court would have to find the state court wrong in granting the order of eviction.  Therefore, pursuant to the *Rooker-Feldman* doctrine, the Court must decline to exercise jurisdiction.

Accordingly, because the Court will not interfere with ongoing state-court proceedings or exercise jurisdiction to review the rulings of a state court, the Court HEREBY DISMISSES the complaint.  Moreover, because there are no claims that Plaintiff could assert over which the Court would have jurisdiction with respect to the state-court proceedings, the dismissal is with prejudice.

**IT IS SO ORDERED**.

Dated:  October 28, 2016



_____
SALLIE KIM
United States Magistrate Judge